UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE ALMOND,

    Plaintiff,

v.                                                                Case No. 08-C-546

STATE OF WISCONSIN, et al.,

    Defendant.

## ORDER

    Plaintiff Dwayne Almond has filed a motion to appoint counsel and a motion for leave to amend his complaint in the above captioned action. For the reasons stated herein, both motions will be denied.

    At this stage in the proceedings, Almond may amend his complaint pursuant to Fed. R. Civ. P. 15(a) without leave of the Court. Accordingly, his motion for leave to amend is denied as unnecessary. He is further advised that any amended complaint he wishes to file must comply with Civil Local Rule 15.1, which provides that "[a]ny amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

    Almond has also requested the appointment of counsel. Civil litigants do not have a constitutional or statutory right to appointed counsel. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although 28 U.S.C. § 1915(e)(1) allows courts to "request" that an attorney represent a plaintiff, there is, strictly speaking, no ability or funds to "appoint" counsel in the traditional sense.

Therefore, requesting that an attorney provide services free of charge will be the exception rather than the rule, although there are no presumptions for or against the recruitment of counsel. *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007). When confronted with a request under § 1915(e)(1) for pro bono counsel, the Court must consider (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) if so, whether, given the difficulty of the case, the plaintiff appears competent to litigate it himself. *Id.* at 654. Of course, the Court need not appoint counsel where it appears that a plaintiff has no meritorious claim. *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) (explaining that where the plaintiff's claim lacks merit, the court need not further consider the appointment of counsel); *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (noting that the court may consider the merits of the plaintiff's claim for relief when confronted with a request to appoint counsel); *King v. Mote*, 2007 WL 3348402, *6 (C.D. Ill. 2007) ("[B]efore this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious.").

Here, Almond does not indicate that he has contacted any attorneys on his own, and although he alleges he suffers from mental illness, Almond's correspondence with the Court to date has not suggested any incompetence. More importantly, the allegations of Almond's complaint do not reveal any likely meritorious claim that his constitutional rights have been violated. Almond alleges that he fell in his cell, and has not received appropriate medical care for his resulting neck and back pain. As the Court noted in its order of July 1, 2008 denying Almond's request to proceed *in forma pauperis*, Almond admits he was seen by a nurse and provided hot/cold packs for seven days to treat his pain, but seems to disagree with the health services staff as to whether this was sufficient,

2

claiming he should have been seen by a doctor. Allegations of inadequate medical treatment due to negligence or differences in opinion between an inmate and medical staff do not rise to the level of a constitutional violation. *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 428 (7th Cir. 1991); *Snipes v. Detella*, 95 F.3d 586, 591 (7th Cir. 1996). Accordingly, Almond's motion to appoint counsel will be denied, as it appears at this time that the assistance of counsel would not make a difference in the outcome of this lawsuit. *See Farmer*, 990 F.2d at 322. If, as the case proceeds, it appears that the case is more complicated or, for some other reason, Almond lacks the ability to effectively represent himself, I may revisit his request for appointed counsel. But on the record now before me, I find the appointment of counsel unwarranted.

**THEREFORE IT IS ORDERED** that Almond's motion for leave to amend his complaint is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that Almond's motion to appoint counsel is **DENIED**.

Dated this  9th  day of July, 2008.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge