UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE ALMOND,

    Plaintiff,

Case No. 08-C-0546

WARDEN WILLIAM POLLARD,
JEANANNE GREENWOOD, NURSE HEINS,
SECURITY DIRECTOR ERICKSEN,
LT. SWIEKATOWSKI, and NURSE SHARHZON,

    Defendants.

**ORDER**

Plaintiff Dwayne Almond has filed several motions to appoint counsel, all of which I denied because he had shown no attempt to secure counsel on his own. I advised Almond that I would be willing to revisit his request for me to appoint counsel as this case proceeds. Before me now is Almond's September 16, 2008, request for me to appoint counsel.

Civil litigants have no constitutional or statutory right to counsel in their civil case against the government and its employees. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). However, I do have the discretion to "recruit" pro bono counsel to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Jackson*, 541 F.3d at 700. I can consider a request for appointment of counsel only after the plaintiff has made a threshold showing of reasonable efforts to obtain counsel from the private bar. *Id.*; *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). On September 16, 2008, Almond submitted his correspondence with an attorney regarding representing

him in this case. Though Almond only had contact with one attorney, I will consider the threshold requirement met.

I must now consider whether, given the difficulty of the case, this plaintiff appears competent to represent himself and, if not, whether the presence of counsel will likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)). Although Almond contends that he is mentally ill, there is no indication that he is incapable of prosecuting this case. Rather, Almond's numerous submissions to the court in this lawsuit belie his assertion that counsel is necessary. To date, Almond has filed a complaint, a motion to amend, three motions and a request for me to appoint counsel and several other letters; Almond also appeared *pro se* for a telephone conference with the court. In his pleadings, Almond has presented his claims and effectively conveyed his requests. Consequently, I conclude that Almond is competent to represent himself at this stage in the litigation.

Moreover, the presence of counsel likely would not make a difference in the outcome of this case. *See Pruitt*, 503 F.3d at 654-55. The issues appear to be straightforward and uncomplicated. I have allowed Almond to proceed on one Eighth Amendment claim of deliberate indifference, which has placed his medical condition at issue. To establish liability under the Eighth Amendment, Almond will have to show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000). Almond has signed an authorization granting the defendants access to his

2

medical records.[1] Consequently, all parties have access to Almond's medical records. Those records likely will contain the information necessary to determine whether Almond had a serious medical condition and, if so, whether the defendants were deliberately indifferent. The presence of counsel on Almond's behalf would not alter the contents of his medical records or the conclusions to be drawn from them. Accordingly, I will deny Almond's request for me to appoint counsel.

**THEREFORE IT IS ORDERED** that Almond's request for the appointment of counsel (Docket #29) will be **DENIED** without prejudice.

Dated this   10th   day of November, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

---

[1] Almond filed a copy of the signed authorization with the court on August 13, 2008 (Docket #17).